715 So.2d 1048 (1998)
AMERICAN RESIDENTIAL SERVICES, INC., a Delaware corporation, and David R. Prince, Appellants,
v.
EVENT TECHNICAL SERVICES, INC., a California corporation qualified to do business in the State of Florida, Appellee.
No. 98-1084.
District Court of Appeal of Florida, Third District.
July 29, 1998.
*1049 Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Bruce C. King and Jason M. Murray and Janeen L. Rivers, Miami, for appellants.
Baur, Woodbridge, Reus & Klein and Christopher J. Klein, Miami, for appellee.
Before COPE, GODERICH and SORONDO, JJ.
COPE, Judge.
American Residential Services, Inc. and David R. Prince appeal a temporary injunction enforcing a non-competition agreement. We conclude that the applicable legal standard has been satisfied, see §§ 542.331, .335, Fla. Stat. (1997), and the record supports the relief granted. See generally John A. Grant, Jr., & Thomas T. Steele, Restrictive Covenants: Florida Returns to the Original "Unfair Competition" Approach for the 21st Century, 70 Fla. B.J. 53, 53-56 (Nov.1996).
Appellants contend that the appellee predicated its request for temporary injunctive relief on an inapplicable statute, section 542.33, Florida Statutes, rather than the actually applicable, newly created statute, section 542.335. See id. § 542.331 (providing applicability). Both parties, of course, bore the burden to cite the correct law to the trial court, and in any event, we see no prejudice to appellants. If anything, by relying on section 542.33 appellee arguably held itself to a higher standard than the one prescribed in section 542.335.
Because the non-competition statutes have been amended in 1990 and again in 1996, it bears mention that:
[P]ractioners in Florida must pay close attention to i) the effective date of a particular restrictive covenant and ii) the effective date of any arguable subsequent amendment or ratification. There now are three sets of different rules governing the enforceability of restrictive covenants in Florida:
a) Rules governing contracts effective prior to June 28, 1990;
b) Rules governing contracts effective on or after June 28, 1990, but before July 1, 1996; and
c) Rules governing contracts effective on or after July 1, 1996.
The rules governing contracts effective in each period are quite different, and practitioners will continue to find "traps for the unwary" so long as contracts effective before July 1, 1996, continue in force.
Grant & Steele, supra, at 55.
Appellants contend that the trial court erred in finding that some of appellee's confidential business information constitutes trade secrets. It is not necessary to resolve this issue. Assuming arguendo that appellants are correct, the record nonetheless establishes appellee's legitimate business interest in "[v]aluable confidential business or professional information that otherwise does not qualify as trade secrets." § 542.335(1)(b)2, Fla. Stat.
Affirmed.